UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVE CONSULTING GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OPTUMINSIGHT, INC.,<br><br>Defendant. | Case No. 15-cv-03424-JCS<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 155 |

## I.   INTRODUCTION

Defendant OptumInsight, Inc. moves for leave to file a motion for reconsideration of the Court's October 25, 2016 order (dkt. 151)[1] granting in part the motion to compel brought by Plaintiff Cave Consulting Group, Inc. ("CCGroup"), or for certification of an interlocutory appeal, and for a stay of the discovery obligations imposed by that order. The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for January 13, 2017. OptumInsight's motion is DENIED as to leave to file a motion for reconsideration, but GRANTED as to certification of interlocutory appeal and GRANTED IN PART as to a stay of the Court's previous order.[2]

This order assumes the parties' familiarity with the history of this case and the contents of the Court's previous order, which found that OptumInsight's predecessor Symmetry, Inc. waived attorney-client privilege as to certain subject matter by intentionally disclosing privileged information in a proceeding before the United States Patent and Trademark Office, and that Symmetry's waiver continued in effect after Symmetry merged into OptumInsight under Delaware

---

[1] *Cave Consulting Grp. v. OptumInsight, Inc.*, No. 15-cv-03424-JCS, 2016 WL 6216696 (N.D. Cal. Oct. 25, 2016).
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

law.

## II.  MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

The local rules of this Court require that a party seeking leave to move for reconsideration of an interlocutory order "must specifically show reasonable diligence in bringing the motion, and one of the following:"

> (1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2)  The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

OptumInsight argues that reconsideration is appropriate here based on the Court's failure to consider what OptumInsight contends were dispositive legal arguments, and based on the Court's inherent authority to prevent clear error and manifest injustice. Mot. (dkt. 155) at 4. OptumInsight relies primarily on two purported errors: the finding of subject matter waiver, and the conclusion that waiver continued to apply to material generated after Symmetry merged with OptumInsight.

As for the former, OptumInsight contends that the Court improperly "rel[ied] on cases applying a broad waiver pursuant to the crime-fraud exception or to communications in the same proceeding relating to reliance upon an opinion of counsel." *Id.* at 11.  Remarkably, OptumInsight does not identify any specific case cited in the Court's decision that it believes is not applicable to the facts at hand.  The Court does not agree that its prior decision rested on inapposite authority. OptumInsight also argues that the Court's ruling is inconsistent with an advisory committee note to Rule 502 of the Federal Rules of Evidence. *Id.* at 10–11.  Given that OptumInsight did not cite that note in its brief opposing the motion to compel, and only mentioned it in passing at the hearing, OptumInsight has not demonstrated a "manifest failure by the Court to consider . . .

dispositive legal arguments *which were presented to the Court before*" the previous order.  *See* Civ. L.R. 7-9(b)(3).  Moreover, the Court is not persuaded that its prior ruling is inconsistent with the advisory committee note, much less the text of the Rule and authority interpreting it.  Finally, OptumInsight suggests that the Court has improperly set the scope of the waiver as "co-extensive with the allegations of wrongdoing in Plaintiff's Second Amended Complaint."  Mot. at 11.  OptumInsight mischaracterizes the Court's decision, which set the scope of the waiver based on the subject matter of Symmetry's intentional disclosure of attorney-client communications and attorney work product to the USPTO, not based on CCGroup's allegations in this litigation.  *See* Order re Mot. to Compel at 13–16.  The Court finds no grounds warranting reconsideration of the scope of the waiver.

With respect to the effect of the merger, OptumInsight contends that it did not have an opportunity to address that issue because CCGroup did not discuss it in its motion to compel.  Mot. at 6–7.  Three days after CCGroup filed its motion to compel, however, and more than ten days before OptumInsight filed its opposition, the Court issued its order denying OptumInsight's motion to dismiss the second amended complaint, which expressed the Court's view that "[t]he corporation that continues after a merger generally stands in the shoes of both constituent corporations."  Order Denying Mot. to Dismiss 2d Am. Compl. (dkt. 127) at 27.[3]  OptumInsight did not address that holding in its opposition to the motion to compel.  CCGroup's reply brief explicitly argued that the Court's reasoning in the motion to dismiss order also applied to the motion to compel.  *See* dkt. 139 at 13.  At the hearing, the Court made clear its tentative position that the waiver would include documents generated after the merger.  OptumInsight nevertheless failed to address the significance of the merger in any way at the hearing.  Under these circumstances, the procedural disadvantage OptumInsight faced as a result of CCGroup's failure to address the significance of the merger in its initial brief does not warrant reconsideration.

Moreover, the only case that OptumInsight cites as authority for a different outcome in its present motion and that concerns waiver of privilege is a twenty-three year old unpublished

---

[3] *Cave Consulting Grp. v. OptumInsight, Inc.*, No. 15-cv-03424-JCS, 2016 WL 4744165 (N.D. Cal. Sept. 12, 2016).

decision by the Fifth Circuit.  That case held that a district court did not abuse its discretion in holding that an earlier corporation's failure to respond to discovery requests in a timely manner did not warrant imposing waiver of privilege as a sanction against a successor corporation that had purchased the assets of the first corporation.  *See Team Bank, N.A. v. Grant*, 983 F.2d 233 (table), 1993 WL 4731, at *2 (5th Cir. Jan. 8, 1993) (per curiam).  There is no indication that a merger occurred in that case, and the Fifth Circuit's decision does not reference the Delaware merger statute at issue here.  *See id.*  Neither *Team Bank* nor any of the other cases that OptumInsight cites—which involve the first sale doctrine and issues of sovereign immunity rather than waiver of privilege—warrant reconsideration of the Court's previous order.  OptumInsight's motion for leave to file a motion for reconsideration of the Court's order finding that Symmetry's intentional disclosure of privileged information effects a waiver of privilege applicable to post-merger OptumInsight is DENIED.

OptumInsight also suggests that its current motion would give the Court an opportunity to reconsider its examination of *Ritz Camera & Image, LLC v. Sandisk Corp.*, 700 F.3d 503 (Fed. Cir. 2012), *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059 (Fed. Cir. 1998), and the necessity of showing knowledge of fraud in a *Walker Process* claim in the order denying OptumInsight's motion to dismiss CCGroup's second amended complaint.  Mot. at 7; *see* Order Denying Mot. to Dismiss 2d Am. Compl. OptumInsight filed the present motion more than two months after that order was issued, and more than one month after it answered the complaint that it had sought to dismiss.  To the extent that the present motion could be construed as seeking leave to file a motion for reconsideration of the order denying OptumInsight's motion to dismiss, that request is DENIED for failure to "specifically show reasonable diligence in bringing the motion." *See* Civ. L.R. 7-9(b).

### III. MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

A district court may certify an interlocutory order for appeal upon the determination that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Interlocutory appeal is "applied sparingly and

4

only in exceptional cases." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982). Matters of attorney-client privilege may, however, warrant interlocutory appeal under § 1292(b) where "a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009).

The effect of a corporate merger on the scope of waiver of attorney-client privilege caused by one party to the merger's disclosure of privileged material appears to be a novel question of law. Although, as discussed above, the Court is satisfied that reconsideration would not alter its conclusion on the subject, a different court could conceivably reach a different outcome. The issue is of "special consequence," *see id.* at 111, here given the amount of material that may be subject to that waiver and its potential consequence to CCGroup's claims, aspects of which turn on what information OptumInsight's attorneys had at various points in the parties' history of litigation. The Court is also mindful that absent interlocutory review, post-judgment appeal of the Court's previous order would be of little value to OptumInsight, as disclosure of the material at issue to an adversary cannot be undone. The Court finds that the conditions for interlocutory review under § 1292(b) are satisfied here, and GRANTS OptumInsight's motion for certification of an appeal to the Federal Circuit.[4] An amended version of the Court's October 25, 2016 order will be filed separately stating that the conditions of § 1292(b) are satisfied.

## IV.   STAY OF PROCEEDINGS

Certification of interlocutory appeal under § 1292(b) does not stay proceedings in the district court unless either the district court or the court of appeals so orders. *See* § 1292(b). OptumInsight argues with good reason that it should not be required to devote significant resources to preparing documents for production while its obligation to produce them remains in dispute. On the other hand, CCGroup's concern that OptumInsight's failure to work towards production during that time will result in undue delay of the proceedings is also persuasive. As a compromise, the Court hereby ORDERS that OptumInsight must produce any documents that are

---

[4] Although CCGroup disputes that any interlocutory appeal is appropriate, both parties agree that the Federal Circuit is the appropriate forum for such an appeal in this case.

subject to the previous order compelling production **no later than twenty-one days after the disposition of the interlocutory appeal**.  Whether meeting that deadline requires preparation while the appeal is pending is left to the judgment of OptumInsight and its counsel.

The parties are encouraged to meet and confer to determine what effect, if any, the interlocutory appeal should have on other deadlines and proceedings in this action.

## V.  CONCLUSION

For the reasons discussed above, OptumInsight's motion for leave to file a motion for reconsideration is DENIED, its motion for certification of interlocutory appeal is GRANTED, and its motion for a stay of the previous order is GRANTED IN PART.  An amended version of the Court's previous order reflecting certification of interlocutory appeal will follow.

**IT IS SO ORDERED.**

Dated:  December 29, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge