1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    CAVE CONSULTING GROUP, INC.,

Plaintiff,

8

9    v.

10   OPTUMINSIGHT, INC.,

Defendant.

11

Case No. 15-cv-03424-JCS

**ORDER REGARDING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 230

12          The Court previously denied in large part Defendant OptumInsight, Inc.'s administrative

13   motion to file under seal because the only stated basis for sealing most of the documents at issue

14   was that Plaintiff Cave Consulting Group, Inc. ("CCGroup") had designated the documents as

15   confidential, and CCGroup failed to file a timely responsive declaration justifying sealing as

16   required by this Court's local rules. *See* Order (dkt. 229). CCGroup has now filed a new

17   administrative motion to seal most of the documents at issue in which it states that its previous

18   failure to respond was "[d]ue to an inadvertent docketing error." *See* Pl.'s Admin. Mot. (dkt. 230)

19   at 2.

20          Generally, a party seeking to file documents under seal must "'articulate[] compelling

21   reasons supported by specific factual findings'" to overcome the "'strong presumption in favor of

22   [public] access'" to court documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178

23   (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

24   2003)) (first alteration in original). The Ninth Circuit recognizes an exception to that rule for "a

25   '*sealed discovery document* [attached] to a *non-dispositive* motion,'" which requires only a

26   particularized showing of good cause to keep under seal. *Id.* at 1179–80 (quoting *Phillips v. Gen.*

27   *Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)) (alteration in original).

28

1    According to CCGroup's attorney Zachary Howenstine, Exhibit 1 to the declaration of Ben

2    Kappelman, which consists of excerpts of the transcript of John Rootenberg's deposition, is

3    subject to sealing "because it contains confidential and proprietary information regarding

4    CCGroup's business strategies, including sales/marketing strategies and competitive strategies,

5    that CCGroup would not share with a third party if not for the protections of the Protective Order."

6    Howenstine Decl. (dkt. 230-1) ¶ 4. Because that exhibit includes discussion of specific marketing

7    strategies directed to specific potential customers, there is good cause for sealing, and the motion

8    is GRANTED as to Exhibit 1.

9    According to Howenstine, Exhibit 2, which consists of excerpts of the transcript of Patsi

10   Sinnott's deposition, is subject to sealing "because it contains confidential and proprietary

11   information regarding CCGroup's business strategies, including competitive strategies, that

12   CCGroup would not share with a third party if not for the protections of the Protective Order." *Id.*

13   ¶ 5. That exhibit includes only discussion of CCGroup's president's instruction that employees

14   should not use competitors' names in writing, the fact of which is disclosed in an unredacted

15   portion of the CCGroup's portion of the parties' joint letter brief. No basis for sealing is apparent,

16   and the motion is DENIED as to Exhibit 2.

17   As for Exhibit 3, which consists of internal CCGroup emails, Howenstine asserts that it

18   "should be filed under seal because it contains confidential and proprietary information regarding

19   CCGroup's business strategies, including sales/marketing strategies, competitive strategies, and

20   internal discussions of the methodologies of CCGroup's products, that CCGroup would not share

21   with a third party if not for the protections of the Protective Order." *Id.* ¶ 6. Good cause to seal

22   this exhibit is apparent, and the motion is GRANTED as to Exhibit 3.

23   Exhibit 4 consists of excerpts of the deposition of CCGroup's president, Doug Cave.

24   Howenstine asserts that it is subject to sealing "because it concerns attorney-client privileged and

25   work product information." *Id.* ¶ 7. The excerpt in this exhibit includes questions asked by

26   OptumInsight's counsel Peter Lancaster, objections by CCGroup's counsel Howenstine,

27   discussion between those two attorneys, and instructions by Howenstine that Cave not answer

28   questions. The excerpt does not include any answers or other comments by Cave. CCGroup's

2

1  unexplained assertion that conversation between adversarial attorneys at a deposition is privileged

2  or protected by work product is frivolous.  The motion is DENIED as to Exhibit 4.

3      CCGroup does not seek to seal Exhibit 5, *see id.* ¶ 8, and the Court's previous order

4  denying OptumInsight's motion to seal that exhibit stands unaltered.

5      Exhibit 6 is an email from Cave to CCGroup staff discussing efforts to market products to

6  particular customers.  The motion is GRANTED as to Exhibit 6.

7      CCGroup also seeks to seal portions of the parties' joint letter brief that quote or otherwise

8  refer to the exhibits discussed above.  Howenstine asserts that the joint letter "should be filed

9  under seal because it contains confidential and proprietary information regarding CCGroup's

10 business strategies, that CCGroup would not share with a third party if not for the protections of

11 the Protective Order."  *Id.* ¶ 3.  The proposed redactions to the letter brief do not, for the most part,

12 include the sort of marketing strategies and particular customers that the Court finds good cause to

13 seal as discussed above.  Instead, they generally relate to Cave's instructions to CCGroup staff not

14 to include certain terms in written documents, apparently to prevent the disclosure of documents in

15 litigation.  CCGroup has made no "'particularized showing'" of good cause to seal this material.

16 *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).  The motion is DENIED as to

17 the redacted portions of the joint letter brief.

18      For the reasons discussed above, Exhibits 1, 3, and 6 to the joint letter brief are hereby

19 SEALED, and OptumInsight is ORDERED not to file those documents in the public record.  The

20 Court's previous order otherwise stands.  OptumInsight shall file unredacted public versions of

21 Exhibits 2, 4, and 5 as stated therein, and the Court will further address whether Exhibit 8 and any

22 portion of the joint letter brief itself are subject to sealing after a non-party has had an opportunity

23 to protect its potential interest in confidentiality.

24      **IT IS SO ORDERED.**

25 Dated: December 22, 2017

26 _____

27 JOSEPH C. SPERO
   Chief Magistrate Judge

28