UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., <br> Plaintiff, <br> v. <br> OPTUMINSIGHT, INC., <br> Defendant. | Case No. 15-cv-03424-JCS <br><br> **ORDER REGARDING DISCOVERY DISPUTE** <br> Re: Dkt. No. 268 |

## I. INTRODUCTION

Defendant OptumInsight, Inc. seeks to strike as untimely pursuant to Rule 37 of the Federal Rules of Civil Procedure several supplemental expert reports and the declaration of a fact witness presented by Plaintiff Cave Consulting Group, Inc. ("CCGroup"). The parties submitted a joint letter brief pursuant to this Court's standing order on discovery disputes. *See* Joint Letter (dkt. 268). Most of the issues raised in the joint letter brief relate to evidence at issue, or likely to be at issue, in the pending motions for summary judgment. Civil Local Rule 7-3 provides that evidentiary objections generally must be included within the briefs on a motion rather than in separate filings. Under the circumstances here, however, because expert discovery is ongoing and the hearing on the summary judgment motions is still months away, there is good reason to address the issues raised separately so that discovery may be concluded in an efficient manner.

The schedule in this case has been modified several times. The operative schedule for fact discovery is set forth in the Superseding Case Management and Pretrial Order dated August 16, 2017, which provides that "[a]ll non-expert discovery shall be completed by October 27, 2017." Aug. 16, 2017 Order (dkt. 206) § II.B. The Court's order dated March 20, 2018 on a stipulation by the parties sets forth the following deadlines for expert discovery:

January 22, 2018: Party with burden of proof to serve expert disclosures.

March 2, 2018: Expert rebuttal disclosures.

[. . .]

April 23, 2018: Completion of expert discovery.

Mar. 20, 2018 Order (dkt. 263) § I. The parties' stipulation indicates that they intended the April 23 deadline to account for "supplemental expert reports necessitated by a modified expert exhibit, and the deposition of nine expert witnesses, . . . among other things." *See id.*

## II. DECLARATION OF JAMES LOISELLE

Beginning with the fact witness, CCGroup does not separately respond to OptumInsight's argument that the declaration of non-party witness James Loiselle, dated February 23, 2018, should be stricken for CCGroup's failure to disclose Loiselle or his former employer McKesson (which his declaration relates to) before the close of fact discovery. Within its discussion of one of the supplemental expert reports that OptumInsight challenges, CCGroup asserts that it made "sustained, diligent efforts" to obtain Loiselle's statement, beginning with a subpoena served on June 14, 2017, and that Loiselle and McKesson "were 'otherwise made known to [OptumInsight] during the discovery process' via subpoenas provided to OptumInsight." Joint Letter at 5 & n.7 (quoting Fed. R. Civ. P. 26(e)(1)(A)) (alteration in original). According to CCGroup "[o]nly the threat of motion practice finally yielded the Declaration, which represents a compromise in lieu of full compliance with the subpoena." *Id.* at 5.

Deviations from scheduling orders are governed by Rule 16 of the Federal Rules of Civil Procedure, which provides that such orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Ninth Circuit has established a standard for such modification that focuses on the diligence of the party seeking relief from a deadline:

> Unlike Rule 15(a)'s liberal amendment policy . . . , Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion,

2

> the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

Despite its conclusory assertion of diligence, CCGroup has not shown that it was diligent in its efforts to obtain evidence from Loiselle or his present or former employer[1] before the fact discovery deadline. CCGroup has provided no explanation for waiting until nearly the close of fact discovery—which, at the time CCGroup served the subpoena, was set to end on July 21, 2017—to serve its subpoena. Apr. 28, 2017 Order (dkt. 189) ¶ 3. Although CCGroup discusses the "threat of motion practice," Joint Letter at 5, it does not explain why it declined to bring a motion to compel compliance before the ultimate deadline for fact discovery that CCGroup itself (in conjunction with OptumInsight) proposed by stipulation. Because CCGroup "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.[2] Loiselle's declaration is STRICKEN, as is any portion of any expert report relying on that declaration, including the supplemental report of Ryan Sullivan.

## III. SUPPLEMENTAL EXPERT REPORTS

As noted above, the scheduling orders in this case called for initial expert reports to be disclosed by January 22, 2018 and rebuttal reports to be disclosed by March 2, 2018. The schedule includes no provision for sur-rebuttal reports responding to the rebuttals. To the extent that some courts have permitted expert reports to be supplemented in response to criticism,[3] this Court disagrees with that approach both as it interprets Rule 26(e) and as a matter of a case

---

[1] It is not clear to whom CCGroup directed the June 14, 2017 subpoena that ultimately resulted in Loiselle's declaration.

[2] CCGroup has not formally sought to modify the scheduling order regarding fact discovery, instead simply disregarding the deadline. Although *Johnson* concerned a request for modification of a scheduling order rather than action taken in contravention of a scheduling order, "[t]he Court finds no justification for a different outcome where [CCGroup] has asked for forgiveness rather than for permission." *See Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, No. 14-cv-00930-JCS, 2016 WL 158874, at *11 (N.D. Cal. Jan. 14, 2016).

[3] *See, e.g.*, *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, No. CV 00-1693-PA, 2003 WL 23715981, at *2 (D. Or. Jan. 21, 2003). Another case cited by CCGroup is distinguishable on the basis that the supplemental report at issue appears to have been filed before the deadline for rebuttal. *See Innovation Ventures, LLC v. NVE, Inc.*, 90 F. Supp. 3d 703, 710 (E.D. Mich. 2015) ("If Defendant wished to have [its expert] respond to the [challenged supplemental report], it could have done so during the time set aside for 'rebuttal expert reports' in the stipulated scheduling order.").

management.

With respect to the interpretation of the rule, Rule 26(e) reads, in full, as follows:

> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > (B) as ordered by the court.
>
> (2) Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's *duty to supplement* extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e) (emphasis added).

"Duties are usually owed to other people, and are not for the benefit of the party who has the duty." *Sandata Techs., Inc. v. Infocrossing, Inc.*, No. 05 CIV. 09546 (LMM) (THK), 2007 WL 4157163, at *7 (S.D.N.Y. Nov. 16, 2007) (holding that a party could not invoke Rule 26(e) to amend an expert report for its own benefit). The Middle District of North Carolina addressed the scope of Rule 26(e) supplementation in *Akeva L.L.C. v. Mizuno Corp.*:

> Rule 26(e)(1) requires supplementation when a "party learns that in some material respect the information disclosed is incomplete or incorrect." If the additional or corrective information has not otherwise been made known, a party must disclose at the times set out in Rule 26(a). . . . Plaintiff does not argue that [its expert's] initial opinion was incorrect, but appears to argue that it was incomplete. The Court cannot accept a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions. Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading. *See Keener v. United States*, 181 F.R.D. 639 (D. Mont. 1998). It does not cover failures of omission because the expert did an inadequate or incomplete preparation. *Id.* at 641; *see Schweizer v. DEKALB Swine Breeders, Inc.*, 954 F. Supp. 1495, 1510 (D. Kan. 1997) (no reason opinions could not have been stated earlier). To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation.

4

*Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002); *see also Medtronic Vascular, Inc. v. Abbot Cardiovascular Sys., Inc.*, No. C-06-1066 PJH (EMC), 2008 WL 4601038, at *1 (N.D. Cal. Oct. 15, 2008) (citing *Akeva* with approval); *Pac. Info. Res., Inc. v. Musselman*, No. C06-2306 MMC (BZ), 2008 WL 2338505, at *1 (N.D. Cal. June 4, 2008) (same); *Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, No. 14-cv-00930-JCS, 2016 WL 158874, at *10 (N.D. Cal. Jan. 14, 2016).

As a matter of case management, there is no meaningful limiting factor to CCGroup's approach of preparing supplemental reports to respond to criticism by of OptumInsight's experts. If CCGroup were entitled to do so, it would follow that OptumInsight should be permitted to prepare additional reports responding to CCGroup's supplemental reports, and CCGroup might well wish to respond to those reports as well. The schedule in this case called for two rounds of reports, and absent a need for supplementation within the meaning of Rule 26, the Court will hold to that structure. The supplemental reports of Bryan Bergeron, Stephen Kunin, and Ryan Sullivan are therefore STRICKEN, except for the portions discussed below addressing the microfiche evidence of the conception date of certain patents in the Seare patent family.

The experts may, however, testify at their depositions regarding not only the subject matter of their initial reports but also any critiques of their opinions presented in the rebuttal reports, although they may not present new opinions, arguments, or evidence as *alternatives* to opinions, arguments, or evidence that OptumInsight's experts criticized. In other words, true rebuttal to criticism is permitted—facts and opinions that should have been in the original reports are not. For example, Dr. Bergeron may testify about the significance of the notes that Dr. van Duren addressed in his rebuttal report, but may not testify regarding claims 7 and 21 of '897 patent, which are not addressed in either his own or Dr. van Duren's initial reports, as a substitute for the only claim that Dr. Bergeron initially chose to address. Any objections based on this distinction shall be raised in a *Daubert* motion or motion in limine and preserved at the deposition either by objection without instruction not to answer or by a motion to strike. Opinions, facts, and reasoning not included either in an expert's non-stricken report or in that expert's deposition will

1  also be subject to exclusion.[4]

2  As a limited exception to the ruling above, the Court agrees with CCGroup and the Eastern District of Louisiana that a supplemental report can be appropriate "in light of newly discovered evidence"—as opposed to new arguments or expert interpretations—where the party seeking to supplement the report is not at fault for failure to identify the evidence earlier. *See Ferman v. Double J Marine, LLC*, No. 15-3941, 2016 WL 9330712, at *2 (E.D. La. July 6, 2016).[5] Although CCGroup may have had other reason to believe that OptumInsight believed the patents at issue were conceived before June of 1994, *see* Joint Letter at 3 (citing Ex. G), OptumInsight offers no explanation for its failure to identify the microfiche source code on which its expert relied as evidence of the conception date in response to CCGroup's interrogatory seeking identification of such evidence. The Court therefore declines to strike the supplemental reports to the limited extent that they address that evidence.

## IV. CONCLUSION

For the reasons discussed above, the declaration of James Loiselle and the supplemental reports of Bryan Bergeron, Stephen Kunin, and Ryan Sullivan are hereby STRICKEN, except to the extent that the supplemental reports address the microfiche source code evidence that OptumInsight failed to identify in response to CCGroup's interrogatory.

/ / /

/ / /

/ / /

/ / /

---

[4] Alternatively, if both parties believe that structuring their experts' responses to critiques in reports—rather than only allowing such responses in deposition testimony—would be beneficial, the parties may stipulate that the existing supplemental reports will be allowed, and that OptumInsight may serve responsive reports by its own expert witnesses, subject to motions to strike if the existing supplemental reports and any responses thereto by OptumInsight's experts are not true rebuttals.

[5] In the joint letter brief, CCGroup twice erroneously cited this case as *German* rather than *Ferman*, and provided an inaccurate Westlaw citation number (9930712 rather than the correct citation of 9330712). *See* Joint Letter at 3, 5. The parties are admonished that such errors may limit the Court's ability to locate and rely on authorities that the parties present in support of their arguments.

As noted, the operative deadline for completion of expert discovery was April 23, 2018. The Court understands that both parties have not yet completed expert discovery. The parties are therefore ORDERED to file no later than May 2, 2018 a stipulation setting a new deadline.

**IT IS SO ORDERED.**

Dated: April 25, 2018

JOSEPH C. SPERO
Chief Magistrate Judge