UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., | Case No. 15-cv-03424-JCS |
| Plaintiff, | |
| | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEAL PORTIONS OF PREVIOUS ORDER** |
| v. | |
| OPTUMINSIGHT, INC., | **ORDER ALLOWING OPPOSITION TO MOTION FOR LEAVE TO FILE** |
| Defendant. | Re: Dkt. Nos. 357, 360 |

## I.      MOTION TO SEAL

The Court previously filed an order provisionally under seal resolving the parties' motions for summary judgment and motions to exclude expert testimony, and allowed the parties to propose narrowly tailored redactions from the version that will be filed in the public record. Defendant OptumInsight, Inc. proposed certain redactions.[1]  Plaintiff Cave Consulting Group ("CCGroup") did not propose any redactions.  The Court notes and appreciates the parties' restraint.

OptumInsight's request for redactions is DENIED with respect to attorney-client communications that fall within the scope of the waiver of privilege recognized in previous orders. Absent any showing that such communications are subject to sealing for some independent reason—e.g., discussion of trade secrets or similarly confidential business information—the Court finds no compelling reason to seal attorneys' impressions regarding litigation strategy in a separate, now-closed case to the extent that privilege and work product protection have been waived.  The Court therefore declines to seal OptumInsight's proposed redactions on pages 7, 27,

---

[1] OptumInsight's administrative motion to file documents associated with its proposed redactions under seal is GRANTED.

30, 36, 67 through 70, and 77. This order and the material filed in the public record as a result of this order shall not be construed as expanding the scope of the waiver previously recognized.

On page 18, OptumInsight seeks to seal a passage discussing testimony by a non-party that itself designated such testimony as confidential. The Court GRANTS that request in part, allowing more limited redactions sufficient to conceal the identity of the non-party. OptumInsight's request to seal is also GRANTED with respect to all other proposed redactions, which appear on pages 14 through 17, 80, and 81. Counsel for CCGroup is instructed to restrict all redacted information to attorneys' eyes only, except that counsel may share the redacted material at line 18 of page 81 with CCGroup, based on OptumInsight's concession that CCGroup previously became aware of that information during litigation. To the extent that CCGroup may have been required by a protective order to maintain that information in confidence, such restrictions remain in effect.

A redacted version of the previous order will be filed in the public record.

## II.     REQUEST TO OPPOSE MOTION FOR LEAVE TO FILE

CCGroup has requested leave to file a motion for reconsideration. OptumInsight seeks permission to oppose that request for leave. *See* dkt. 360; Civ. L.R. 7-9(d) ("Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider."). OptumInsight may file a brief not exceeding four pages addressing CCGroup's motion for leave no later than September 20, 2019. In the event that the Court grants the motion for leave to file, both parties will have an opportunity to address more thoroughly the issues presented in the underlying motion for reconsideration.

**IT IS SO ORDERED.**

Dated: September 18, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge